IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH A. KURTZ, | ) | 8:14CV117 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOSHUA FRANCE, PATRICA | ) | |
| GRANADOS, CHRISTOPHER | ) | |
| MARYLAND, Personal Theift, | ) | |
| MATTHEW HIMELIC, and DAVID | ) | |
| FLATT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 9, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citation omitted). Pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## II. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Furthermore, the plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges that his claim arises under the Constitution, laws or treaties of the United States, that his civil rights have been violated, and that this case involves a matter between citizens of different states in which the amount in controversy exceeds $75,000. (*See* Filing No. 1 at CM/ECF p. 4.) However, as discussed below, the court cannot determine whether jurisdiction is proper based on the information set forth in the Complaint.

### A. Federal Question Jurisdiction

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West*, 487 U.S. at 48. Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

Here, Plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute. While Plaintiff asserts a claim that Defendants have violated his civil rights, the Complaint lacks any indication that Defendants are state actors. Accordingly, Plaintiff's allegations do not establish that federal-question jurisdiction exists in this matter.

### B. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may also be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff has not set forth a statement of relief. (*See* Filing No. 1 at CM/ECF p. 5.) In addition, Plaintiff has provided a Nebraska address for himself and what appear to be Nebraska addresses for Defendants. (*Id*. at CM/ECF p. 1.) Accordingly, the court cannot determine that the amount in controversy is greater than $75,000.00, or that Plaintiff's citizenship differs from Defendants' citizenship. In light of the foregoing, on the court's own motion,

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to set forth a short and plain statement of the grounds for the court's jurisdiction.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 25, 2014: deadline for Plaintiff to amend.

4. Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

4

DATED this 25th day of June, 2014.

> BY THE COURT:
>
> *s/ John M. Gerrard*
> United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.